IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

ISELA A. COLIN,                               )

                                        )

         Plaintiff,                 )    TC-MD 190216N

                                          )

     v.                           )

                                        )

DEPARTMENT OF REVENUE,        )

State of Oregon,                 )

                                        )

         Defendant.          )    **DECISION**

Plaintiff appealed Defendant's Written Objection Determination and Notice of Refund Denial, dated April 23, 2019, for the 2018 tax year. A telephone trial was held on September 4, 2019. Plaintiff appeared and testified on her own behalf. Plaintiff's babysitter Emily Hernandez (Hernandez) also testified on behalf of Plaintiff. Richard Henshaw (Henshaw) and Alex Anderson appeared on behalf of Defendant. Henshaw testified on behalf of Defendant. Defendant's Exhibit I, which is Plaintiff's Complaint, was received without objection.

## I. STATEMENT OF FACTS

Plaintiff claimed a working family household dependent care (WFHDC) credit of $5,330 for the 2018 tax year. (*See* Def's Ex I at 6.) Defendant agreed to allow a credit of $351 based on Plaintiff's payments to the YMCA for daycare. (Def's Status Report, Aug 1, 2019.) Plaintiff requests that her WFHDC credit be increased based on payments totaling $11,844 to Hernandez.

Plaintiff testified that she worked at a pharmacy in Milton-Freewater in 2018. She typically worked from 9:00 a.m. to 6:00 or 6:30 p.m., unless she had to close, in which case she worked until 8:00 p.m. During the warmer months of the year, Plaintiff frequently worked on weekends, traveling to pharmacies in Hermiston, La Grande, The Dalles, and other locations.

/ / /

Plaintiff testified that her children were six and nine years old in 2018. They attended school during the day and Hernandez picked them up after school. At times, Hernandez also dropped Plaintiff's children off at school.

Plaintiff testified that Hernandez charged her $700 per month to watch both children, a rate that included transportation and meal expenses. Hernandez charged $80 per day to watch both children on the weekends. Plaintiff testified that she tried to pay Hernandez at the beginning of the month, but sometimes paid her twice per month. Hernandez did not have a bank account, so Plaintiff paid her in cash.

Hernandez testified that she watched Plaintiff's two children in 2018 and confirmed that she received $700 per month and $80 per day for weekends. She testified that Plaintiff worked a lot, including many weekends. Hernandez confirmed that she did not have a bank account in 2018. She did not have other clients or watch any other children.

Plaintiff provided receipts reporting payments as follows:

| Date | Amount | Comment |
|---|---|---|
| January | $700 | |
| February | $700 | |
| March 17, 18 | $160 | Weekend |
| April | $700 | |
| April 7, 8 | $160 | Weekend |
| April 15 | $80 | Sunday |
| May | $1,300 | With weekends |
| June | $1,300 | With weekends |
| July | $1,300 | With weekends |
| August | $1,300 | With weekends |
| September | $700 | |
| September 1, 2 | $160 | Weekend |
| October | $700 | |
| November | $700 | |
| December | $700 | |
| **Total** | **$10,660** | |

(Def's Ex I at 10-13.) The receipts are not sequentially numbered and, for the most part, do not include a specific date of payment. (*See id.*) Hernandez could not explain why the receipts were

not sequentially numbered. She did not issue receipts for other reasons. Henshaw questioned why Plaintiff paid $1,300 per month based on her description of the rates agreed upon with Hernandez: a full month plus four full weekends would result in $1,340 due for the month ($700 base rate plus $640 ($160 x 4 for four weekends), not $1,300.

Plaintiff testified that she received cash to pay Hernandez from multiple sources. She received cashback when she shopped at Walmart or Safeway but failed to retain the receipts received from those stores. Plaintiff also withdrew cash from her bank account and provided partially redacted bank statements showing withdrawals totaling $3,054 in 2018. (Def's Ex I at 17-19.) The amount of money withdrawn varied each month: $690 in April; $880 in May; $440 in June; $100 in July; $140 in August; $254 in September; $340 in November; and $210 in December. (*See id.*) No amounts were listed for January, February, March, or October. (*Id.*)

Plaintiff testified that she had a roommate in 2018 who paid her $400 per month rent in cash. She did not have a rental agreement with her roommate. Plaintiffs testified that, at times, she gave her roommate receipts as needed by her roommate's caseworker. She testified that she told her tax preparer about the rental income received and reported it on her tax return.

Henshaw testified that Plaintiff's 2018 return did not include a Schedule E or otherwise report any rental income. The only income Plaintiff reported on her 2018 return was wages. Henshaw testified that Plaintiff first disclosed her rental income at trial; she did not previously mention it to Defendant or reference it in her Complaint. Henshaw testified that he saw no evidence of Plaintiff's cash draws from Safeway or Walmart; furthermore, she did not appear to have a sufficient bank balance to cover $11,000 in payments.

Plaintiff testified that Defendant provided confusing guidance concerning the WFHDC credit and requests that Defendant provide better guidance to families that lack a bank account.

## II. ANALYSIS

The issue before the court is whether Plaintiff is entitled to a 2018 WFHDC credit in excess of the $351 credit Defendant allowed based on Plaintiff's payments to the YMCA.

ORS 315.264(1)(a) provides a credit against tax otherwise due under ORS chapter 316 "in an amount equal to a percentage of employment-related expenses of a type allowable as a credit pursuant to [IRC section 21] * * *."[1] The employment-related expenses for which a credit may be claimed are limited to $12,000 for one "qualifying individual" or $24,000 for two or more "qualifying individuals."[2] ORS 315.264(1)(c). The credit depends on the taxpayer's federal adjusted gross income (AGI) and the age of the youngest child. ORS 315.264(2).

Plaintiff bears the burden of proof and must establish her case by a "preponderance" of the evidence. ORS 305.427. A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." *Feves v. Dept. of Revenue*, 4 OTR 302, 312 (1971). This court has stated that the preponderance standard means "more likely than not." *See Dunzer v. Dept. of Rev.*, 21 OTR 479, 485 (2014). "[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet [her] burden of proof." *Reed v. Dept. of Rev.*, 310 Or 260, 265, 798 P2d 235 (1990).

There is no dispute that Plaintiff was employed in 2018 and that she had two minor children during that year. The question is whether Plaintiff paid Hernandez to care for her children and, if so, in what amount. The evidence concerning Plaintiff's child care payments contain numerous discrepancies that Plaintiff was unable to adequately explain. First, she reported payments totaling $11,884, yet produced receipts totaling only $10,660. Second, the

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2017.

[2] "Qualifying individuals" are certain dependents of the taxpayer or, in some cases, the taxpayer's spouse. *See* IRC § 21(b)(1).

amounts reported on the receipts do not match the amounts reportedly agreed upon by Plaintiff and Hernandez. Third, although Plaintiff reported that she paid Hernandez in cash, she failed to produce evidence that she had cash in excess of $3,054 in 2018. Plaintiff's partial redacted bank statements showed cash withdrawals that varied in amounts and did not follow any discernable pattern *e.g.* $80 on April 12, $60 on April 15, $150 on April 27. Plaintiff testified that she received cash from additional sources, including rent and cashback from grocery store purchases, but she failed to produce any documentary evidence supporting those claims.

The court appreciates that Hernandez testified under oath that she was paid to care for Plaintiff's children. However, her testimony is undercut to an extent by certain aspects that did not make sense and she could not explain. For instance, Hernandez could not explain why the receipts were issued out of numerical order given that she had no other clients or use for the receipts. Additionally, she could not explain why she charged $1,300 for four months, an amount that is inconsistent with her reported arrangement with Plaintiff. Ultimately, the court cannot determine what amount of cash Plaintiff paid Hernandez for childcare.

Plaintiff's testimony raised a new question: whether Plaintiff received unreported rental income from a roommate. The parties gave conflicting testimony whether rental income was reported on Plaintiff's tax return. Ultimately, the evidence presented on this question is inconclusive. The court did not receive a copy of Plaintiff's 2018 tax return to confirm whether rental income was reported. The court did not receive any further information concerning the rental, such as whether Plaintiff rented out a room in a house she owns or, rather, jointly rented a property with a roommate.

/ / /

/ / /

### III. CONCLUSION

Upon careful consideration, the court concludes that Plaintiff has failed to meet her burden of proving that her 2018 WFHDC credit should be increased beyond the $351 credit allowed by Defendant.  Now, therefore,

IT IS THE DECISION OF THIS COURT that, for the 2018 tax year, Plaintiff is allowed a Working Family Household Dependent Care Credit of $351, as agreed upon by Defendant.

Dated this ____ day of November 2019.

ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within 60 days after the date of this Decision or this Decision cannot be changed.  TCR-MD 19 B.*

*This document was signed by Magistrate Allison R. Boomer and entered on November 12, 2019.*